J. A12042/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
v.           :
:
ALPHONSO GRIFFIN,         :       No. 498 EDA 2017
:
Appellant     :

Appeal from the Judgment of Sentence, December 12, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000663-2014

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED OCTOBER 10, 2018**

Alphonso Griffin appeals the December 12, 2016 judgment of sentence of the Court of Common Pleas of Philadelphia County resentencing him to three years' probation for his conviction of possession with intent to deliver (marijuana) ("PWID").[1]  After careful review, we vacate and remand for a new trial.

The facts and procedural history, as recounted by Judge Clemons Jones, are as follows:

> On September 3, 15, and 16 of 2013, Stephen Dmytryk ("Officer Dmytryk"), a narcotics officer with the Philadelphia Police Department conducted surveillance at 3153 and 3163 Weymouth Street in Philadelphia, PA.  Officer Dmytryk undertook the surveillance based on information he allegedly received from several residents, stating that a tall,

---

[1] 35 P.S. § 780-113(a)(30).

thin, black male with a beard was conducting drug sales on this block.

On September 3, 2013 between 2:00 and 4:00 pm, Officer Dmytryk began surveilling the 3100 block of Weymouth. Officer Dmytryk testified that he observed an individual matching the description given by several complaining residents standing in front of an abandoned house at 3153 Weymouth Street. Officer Dmytryk conducted a controlled narcotics "buy" from the observed individual using a confidential informant ("Cl") on September 3, 2013. The Cl was searched before and after the transaction. From a distance of approximately 15-20 house lengths away and without any visual aids, Officer Dmytryk claims that he observed the CI hand the individual, identified by Officer Dmytryk as [appellant], the pre-recorded buy money. The observed individual was then seen entering 3153 Weymouth Street, exiting shortly thereafter, and handing small objects to the CI. Upon the CI's returning to [O]fficer Dmytryk, the CI gave [O]fficer Dmytryk 13 small packets of heroin.

On September 15, 2013, Officer Dmytryk conducted a second controlled narcotics "buy" using the CI. This controlled transaction occurred at 3163 Weymouth Street. Officer Dmytryk searched the CI before and after the transaction. Officer Dmytryk observed the CI engage in a conversation for approximately 15 seconds with an individual identified by Officer Dmytryk as [appellant]. After this conversation, this individual then entered 3163 Weymouth Street, exited shortly thereafter and accepted United States currency from the informant and handed him small items in return. The CI returned to Officer Dmytryk and turned over a clear Ziploc bag containing marijuana.

On September 16, 2013, Officer Dmytryk again set up surveillance on the 3100 block of Weymouth at approximately 2[:]00 p.m. During the 20 minute surveillance, Officer Dmytryk testified that he observed [appellant] standing on the block and going

in and out of 3153 and 3163 Weymouth Street. After observing this activity for approximately 20 minutes, Officer Dmytryk terminated the surveillance.

On September 17, 2013, search and seizure warrant 175846 was obtained and executed at 3153 Weymouth Street at 2[:]25 pm. No evidence was recovered from this location. During the execution of the warrant on 3153 Weymouth, Officer Dmytryk observed [appellant] standing across the street near the driver's side door of a grey Pontiac parked on the west side of the street between 3153 and 3163 Weymouth. Officer Dmytryk instructed Officer Thomas Kuhn to arrest [appellant]. Neither narcotics nor money were recovered from [appellant]. Another assisting officer, Officer Micah Waters recovered 11 packets of crack cocaine from the driver side mirror of the gray Pontiac. Simultaneously, search and seizure warrant 175847 was executed at 3163 Weymouth Street. Sergeant William Torpey recovered $1,040 of United States currency from a woman's purse in a hallway closet and three yellow packets of marijuana from a drawer in the living room table.

On September 17, 2013, [appellant] was arrested and charged with one count of possession with the intent to deliver a controlled substance (PWID), one count of possession of a controlled substance . . . and one count of possession of marijuana . . . .

On July 9, 2014, [appellant] waived his right to a jury trial and was tried before the Honorable Joan A. Brown in a bench trial. [Judge Brown] convicted [appellant] of the PWID charge associated with the transaction occurring on September 15[,] 2013 and found him not guilty as to all other charges. On July 9, 2014, [Judge Brown] sentenced [appellant] to three years of reporting probation. Shortly thereafter, on July 16, 2014, [appellant] filed a Post-Sentence Motion contending that the verdict was against the weight of the evidence. [Judge Brown, without a hearing]

issued an order denying the Post-Sentence Motion on July 22, 2014.[2]

On August 1, 2014, [appellant] filed a Motion for a New Trial on the Grounds of After-Discovered Evidence,[3] pursuant to Title 234 of the [Pa.R.Crim.P.] 720(C). The Post-Sentence Motion to vacate sentence and introduce new evidence was granted on August 8, 2014.

A contested motions hearing was held on January 15, 2016. This hearing resulted in the trial court granting Defendant's Motion for New Trial on the Grounds of After-Discovered Evidence. The Commonwealth subsequently filed a Notice of Interlocutory Appeal

---

[2] Judge Brown did not issue an opinion in support of this order.

[3] In the post-sentence motion for a new trial based on after-discovered evidence, appellant asserted that an indictment lodged against six City of Philadelphia police officers referred to Officer Dmytryk by his initials as an officer who falsified police reports in that a report did not disclose all of the cash and other valuables that were recovered because police officers stole them and did not disclose the true ownership of a handgun. In the motion, appellant asserted:

> The information contained in the indictment implicating Officer [] Dmytryk in the knowing falsification of police paperwork and conspiracy to commit theft of evidence constitutes after-discovered evidence that would be relevant at trial in order to challenge the credibility of Officer Dmytryk and would serve to exculpate [appellant] of the charges against him. Had this information been presented at trial, the outcome of the case likely would have been different. Since this information was not known to Defense Counsel prior to the unsealing of the federal indictment, [appellant] is entitled to a new trial in this matter. [Appellant] respectfully requests that Your Honor vacate the finding of guilt and sentence and order a new trial in the interests of justice.

Post-sentence motion for a new trial based on after-discovered evidence, 8/1/14 at 2 ¶ 4.

pursuant to [Pa.R.A.P.] 311(a)(6) [o]n February 17, 2015, while simultaneously filing a Statement of Errors Complained of on Appeal pursuant to [Pa.R.A.P.] 1925(b). On July 6, 2015 [Judge Brown] then issued an opinion pursuant to [Pa.R.A.P.] 1925(a), holding that [appellant] was entitled to a new trial based on after[-]discovered evidence.

On February 17, 2015, the Commonwealth filed an interlocutory appeal alleging that the information provided by [appellant] to support his motion was not evidence because it would be inadmissible at trial. On April 8, 2016, the Superior Court issued an opinion concluding that [Judge Brown] erred as a matter of law in granting [appellant's] motion for a new trial based on after-discovered evidence. The Superior Court reversed the trial court's grant of new trial and reinstated the judgment of sentence.

On December 12, 2016, upon receiving the Superior Court's appellate decision, [Judge Clemons Jones] reinstated the original sentence retroactively to July 9, 2014[.] On January 12, 2017, [appellant] filed a Post [] Conviction Relief Act (PCRA) petition alleging ineffective assistance of counsel for failing to timely file a notice of appeal to the Superior Court and seeking allowance of [a]ppeal *nunc pro tunc*[.] [Judge Clemons Jones] granted the [p]etition for allowance of appeal *nunc pro tunc* by order on January 27, 2017 and reinstated [appellant's] right to file a direct appeal within thirty days of the order. [Appellant] filed a notice of appeal on the same day[.]

On February 3, 2017, [Judge Clemons Jones] issued an order pursuant to [Pa.R.A.P.] 1925(b) requiring [appellant] to file a sufficiently detailed statement of errors complained of on appeal within twenty-one days[.] On February 17, 2017, [appellant] filed a Statement of Errors Complained of on Appeal . . . .

Trial court opinion, 8/23/17 at 2-5 (footnotes and headings omitted).

On August 23, 2017, Judge Clemons Jones issued her opinion, pursuant to Pa.R.A.P. 1925(a). Judge Clemons Jones agreed with appellant that the verdict was against the weight of the evidence and so contrary to the evidence as to shock one's sense of justice, such that a new trial was warranted.

Appellant raises the following issue for this court's review:

> Was not the verdict of guilt to one count of possession with intent to deliver marijuana against the weight of the evidence for the following reasons: (1) the verdict relies on a questionable identification where the trial court found the Commonwealth's witness to be mistaken at least once regarding the drug seller's identity based upon a credible alibi; (2) the officer observed the alleged transactions from a distance of 15-20 **house lengths** without the use of visual aids and two days prior to appellant's arrest; (3) [] appellant is deaf and mute, and needs a sign language interpreter, but the witness claimed to observe him engage in a 15 second conversation; (4) [] appellant had no connection to the two homes or the car in which money and narcotics were recovered; (5) [] appellant possessed no money, narcotics, or other contraband at the time of his arrest; (6) [] appellant did not engage in illegal or suspicious conduct on the date of his arrest; and (7) [] appellant had good character such that his conviction shocks the conscience and a new trial is necessary so that right may prevail?

Appellant's brief at 2 (emphasis in original).

> [T]he weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact . . . thus, we may only reverse the lower court's verdict if it is so contrary to the evidence as to shock one's sense of

> justice. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence . . . rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> ***Commonwealth v. Kim***, 888 A.2d 847, 851 (Pa.Super. 2005) (citations and quotations omitted). A motion for a new trial based on a challenge to the weight of the evidence concedes the evidence was sufficient to support the verdict. ***Commonwealth v. Davis***, 799 A.2d 860, 865 (Pa.Super. 2002).

***Commonwealth v. Jarowecki***, 923 A.2d 425, 433 (Pa.Super. 2007).

The initial rather unique issue we are required to deal with in this appeal is not one presented by appellant. This ***nunc pro tunc*** appeal lies from the reinstated judgment of sentence of July 9, 2014. Appellant, following his bench trial and original sentencing, filed a timely post-sentence motion raising the same weight of the evidence issue presented in this appeal, and the trial judge, Judge Brown, denied that motion. In her Rule 1925(a) opinion, Judge Clemons Jones addresses these same weight issues and finds them meritorious, thereby suggesting we reverse Judge Brown's credibility determination and remand for a new trial. Interestingly, the Commonwealth agrees with this assessment.

While we have concerns about this procedural issue, what appears clear to this court is that Judge Brown, Judge Clemons Jones, and the Commonwealth all believe justice requires that appellant receive a new trial

based on the testimony and credibility of Officer Dmytryk's identification of appellant. Albeit, in spite of Judge Brown's erroneous grant of a new trial on after-discovered evidence, Judge Clemons Jones's Rule 1925(a) opinion suggesting we reverse her colleague's initial weight determination and accepting the Commonwealth's concession upon its review of the record that a new trial is warranted, we vacate appellant's conviction and remand for a new trial.

Judgment of sentence vacated. This case is remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/18